UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAREN M. O/B/O
J.S.N.,[1]

Plaintiff, Case # 23-CV-6519-FPG

v. DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## INTRODUCTION

Karen M. ("Plaintiff") brings this action on behalf of her son ("J.S.N.") pursuant to the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 8. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In June 2020, Plaintiff protectively filed an SSI application on J.S.N.'s behalf. Tr.[2] 16. She alleged disability since June 29, 2020. Tr. 16. The claim was initially denied on October 16, 2020, and upon reconsideration on March 8, 2021. Tr. 16. On April 18, 2022, Administrative Law Judge

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 3.

Brian LeCours ("the ALJ") held a hearing. Tr. 31–58. The ALJ issued a decision finding that J.S.N. was not disabled on July 20, 2022. Tr. 13–30. On July 19, 2023, the Appeals Council denied Plaintiff's request for review. Tr. 1–7. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

The scope of this Court's review of the ALJ's decision denying benefits to Plaintiff is limited. It is not the function of the Court to determine *de novo* whether Plaintiff is disabled. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). Rather, so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed. *Acierno v. Barnhart*, 475 F.3d 77, 80–81 (2d Cir. 2007). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brault*, 683 F.3d at 447–48 (internal citation and quotation marks omitted).

### II. Child Disability Standard

Individuals under eighteen years old are considered disabled when the individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(C)(i). In evaluating disability claims brought on behalf of children, the Commissioner is required to use the three-step process promulgated in 20 C.F.R. § 416.924. The first step requires the ALJ to determine whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(a). The second step requires the ALJ to determine whether the child has any severe

impairments, defined as anything that causes "more than minimal functional limitations." *Id.* Finally, the ALJ determines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of a listed impairment. *Id.* If the ALJ finds that the child's impairment or combination of impairments meets or equals a listing, the child is then considered disabled. 20 C.F.R. § 416.924(d)(1).

In determining whether the child's impairment or combination of impairments meets or medically equals a listing, the ALJ must assess the child's functioning in six functional domains:

(i) Acquiring and using information;
(ii) Attending and completing tasks;
(iii) Interacting and relating with others;
(iv) Moving about and manipulating objects;
(v) Caring for yourself; and
(vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). The child is classified as disabled if the child has a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain. 20 C.F.R. § 416.926a(d). A "marked" limitation exists when the impairment or cumulative effect of the impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is an impairment which "interferes very seriously" with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). If the child has an impairment that meets and medically or functionally equals the listings, and the impairment meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that J.S.N. had not engaged in substantial gainful activity. Tr. 17. At step two,

the ALJ found that J.S.N. had one severe impairment, attention deficit hyperactivity disorder ("ADHD"). Tr. 17. At step three, the ALJ found that J.S.N. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appx. 1. Tr. 17. Pursuant to 20 C.F.R. §§ 416.924(d) and 416.926a, the ALJ found that J.S.N. had less than marked limitations in acquiring and using information; attending and completing tasks; interacting and relating with others; and ability to care for himself. Tr. 19. He also found that J.S.N. had no limitations in moving about and manipulating objects; and health and physical well-being. Tr. 19. Accordingly, the ALJ found that J.S.N. was not disabled. Tr. 24.

## II. Analysis

Plaintiff argues that remand is warranted because the ALJ erred by relying on stale medical opinions and medical expert interrogatories to support his finding that J.S.N. had less than marked limitations in the functional domains of acquiring and using information and attending and completing tasks. ECF No. 6-1 at 8, 10. Specifically, Plaintiff argues that none of the medical sources that the ALJ relied on had access to later submitted educational records that showed the severity of J.S.N.'s ADHD in the school setting, and therefore, remand is warranted because the ALJ relied on these stale medical sources. *Id.* at 8. The Court disagrees.

The ALJ relied on the opinions of Dr. Noia, Dr. Prowda, Dr. Juriga, and Dr. Williams in reaching his conclusion that J.S.N. had less than marked limitations in the functional domains of acquiring and using information and attending and completing tasks. Tr. 20–21. As an initial note, the Court is skeptical of Plaintiff's claim that none of the medical sources that the ALJ relied on had access to the educational records. ECF No. 6-1 at 10. While Dr. Prowda and Dr. Juriga both confirmed that they did not have these records, Tr. 61, 72, it is unclear whether Dr. Williams or Dr. Noia reviewed them. As for Dr. Williams, Plaintiff argues that his medical expert

interrogatories were dated June 16, 2022, the same date that the most recent educational records were submitted, and thus it is unlikely that Dr. Williams reviewed them. ECF No. 6-1 at 10. As for Dr. Noia, Plaintiff only argues that "[t]here is no evidence that educational records were provided" to him. *Id.* As such, Plaintiff offers nothing more than speculation to support her contention that Dr. Williams and Dr. Noia did not have access to the specific records in question.

Nevertheless, even if the Court were to accept the premise that none of the doctors who provided the relevant opinions had reviewed J.S.N.'s education records, remand would still not be warranted. Plaintiff's only argument is that without the educational records, the opinions of Dr. Noia, Dr. Prowda, Dr. Juriga, and Dr. Williams were stale, and therefore, the ALJ erred in relying on them. *Id.* at 9. In general, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015) (quotation omitted), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (summary order). However, where an opinion is allegedly "stale" solely because a source did not review later submitted evidence, remand is not warranted so long as the "additional evidence does not raise doubts as to the reliability of [the source's] opinion." *Camille,* 652 F. App'x at 28 n.4. As a result, "stale" evidence only requires remand "where more recent evidence in the record 'directly contradict[s] the older reports of [claimant's] functioning on which the ALJ relied' and the ALJ failed to analyze the more recent evidence." *Cassandra B. o/b/o A.L.T. v. Comm'r of Soc. Sec.*, No. 19-CV-1194, 2021 WL 780300, at *3 (W.D.N.Y. Mar. 1, 2021) (quoting *Blash v. Comm'r of Soc. Sec.*, 813 F. App'x 642, 644 (2d Cir. 2020) (summary order)).

Here, the educational records that Plaintiff contends render the medical sources stale do not directly contradict those medical sources. Plaintiff argues that the educational records that were not reviewed include a referral for a 504 plan, an occupational therapy evaluation, and a completed teacher questionnaire. ECF No. 6-1 at 9. As for the referral for a 504 plan and the occupational

therapy evaluation, it is unclear to the Court how such records would have impacted the relevant opinions where Plaintiff's only contention is that they vaguely described that J.S.N. struggled with handwriting and formulating letters and numbers. *Id.* at 11. As for his teacher's questionnaire, she did describe that J.S.N. struggled in the classroom, especially with completing assignments and paying attention, but the medical sources also noted this. *See* Tr. 21. For instance, Dr. Williams found that J.S.N. had "retention issues caused by persistent attentional concerns" and Dr. Noia noted that J.S.N. "had a difficult time remaining focused." Tr. 20–21. As such, remand is not warranted because the educational records identified by Plaintiff are largely consistent with the medical sources and consequently, do not raise doubts as to the reliability of opinions that the ALJ relied on.

Moreover, remand is not warranted on the basis that subsequent evidence rendered an older medical opinion stale where the ALJ "considered all the evidence in the record, including opinion evidence and subsequent evidence . . . in making his determination." *Cassandra B.*, 2021 WL 780300, at *3. In this case, the ALJ considered the educational records identified by Plaintiff when reaching his conclusions as to the functional domains of acquiring and using information and attending and completing tasks. Specifically, the ALJ reviewed the teacher questionnaire and extensively discussed it in his decision. *See* Tr. 20–21. The ALJ also summarized a March 2022 504 Plan Summary Report, which stated that J.S.N.'s "motor planning appeared to be well established and unlikely to change with occupational therapy intervention." Tr. 20. The ALJ therefore properly considered the educational records identified by Plaintiff when reaching his conclusions as to the functional domains and as such, remand is not warranted.

In sum, none of the educational records identified by Plaintiff raise doubts as to the reliability of the opinions that the ALJ relied on, and in any event, the ALJ properly considered the education records at issue in his decision. *See Nicole P. o/b/o A.C. v. Comm'r of Soc. Sec.*, No.

20-CV-0454, 2021 WL 3887259, at *8 (W.D.N.Y. Aug. 31, 2021) (holding that remand was not warranted where later added evidence did not show a deterioration in the claimant's condition). Therefore, the Court rejects Plaintiff's argument that the ALJ erred by relying on the opinions of Dr. Noia, Dr. Prowda, Dr. Juriga, and Dr. Williams and concludes that remand is not warranted on this basis.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 29, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York